# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:09-CR-232 JVB |
| DAVID JOHNSON | |

## OPINION AND ORDER

This matter is before the Court on Defendant David Johnson's motion for a new trial (DE 204). For the reasons set forth below, the Court DENIES the motion.

**A.     Background**

Defendant David Johnson was charged with nine counts of criminal conduct in a second superceding indictment filed on May 5, 2011. He pleaded guilty to four of the counts and proceeded to a jury trial on five other counts. The jury returned a verdict of guilty on four Counts: Count 1 charging him with conspiracy to possess with intent to distribute 50 grams or more of cocaine base, commonly known as "crack;" on Count 11, charging him with possession with intent to distribute 50 grams or more of cocaine base, commonly known as crack cocaine; on Count 12, charging him with possession of a firearm in furtherance of drug trafficking crimes; and on Count 13, charging him with being a felon in possession of a firearm. The jury found him not guilty on Count 2, for distribution of an unspecified amount of cocaine base.

On October 3, 2011, Defendant moved for a new trial under Federal Rule of Criminal Procedure 33, alleging that the Court erroneously admitted prejudicial evidence that he was on parole at the time of the charged offenses, and that the Government failed to present sufficient

evidence that he committed the offenses charged in Counts 1 and 11. However, in his brief Defendant argues something different. He insists that the Court's failure to differentiate between cocaine base and "crack" confused the jury and that certain of his statements introduced by agent Robert Aponte should have been excluded because they were made while Defendant was in custody but before he had been advised of his right to remain silent.

B. **Rule 33 Standard**

Federal Rule of Criminal Procedure 33(a) permits a court to "vacate any judgment and grant a new trial if the interest of justice so requires." A court's decision to "grant or deny a motion for new trial rests within the sound discretion of the trial court." *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989) (citation omitted). In considering a motion for a new trial, a court "may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *Id.* A court may grant a new trial if "the verdict is so contrary to the weight of the evidence that a new trial is required in the interest of justice." *United States v. Washington*, 184 F.3d 653, 657 (7th Cir. 1999) (citations omitted). Thus, "a jury verdict in a criminal case is not to be overturned lightly, and therefore a Rule 33 motion is not to be granted lightly." *United States v. Morales*, 902 F.2d 604, 605 (7th Cir. 1990). However, "if the judge believes there is a serious danger that a miscarriage of justice has occurred he has the power to set the verdict aside . . . even if he does not think that he made any erroneous rulings at the trial." *Id.* (citations omitted). A new trial is required where "trial errors or omissions have jeopardized the defendant's substantial rights." *United States v. Reed*, 986 F.2d 191, 192 (7th Cir. 1993).

**C.     Discussion**

**(1)    *Differentiation between Cocaine Base and Crack***

Defendant contends that the Court failed to differentiate between cocaine base and "crack" so that the jury was confused. The fact is that Counts 1 and 11 of the second superceding indictment charged Defendant with drug offenses involving cocaine base commonly known as "crack" or "crack cocaine." As Defendant points out, the Government's experts testified that not all cocaine base is "crack." However, they also testified that all "crack" is cocaine base. Furthermore, witnesses Webb and Milligan, Defendant's coconspirators, consistently identified the substances involved in Defendant's crimes as "crack cocaine."

The Court instructed the jury that, with regard to the offenses involving cocaine base, commonly known as "crack," it must find beyond a reasonable doubt that the offense involved "crack" as opposed to some other form of cocaine base. Moreover, the verdict forms required the jury to indicate whether the substance was "crack" cocaine or some other form of cocaine base. Thus, the jury received clear instructions that it had to determine whether the form of cocaine base involved in Counts 1 and 11 was "crack," and as the completed verdict forms demonstrate, it so found with respect to both counts.[1] The Court's instructions were correct under Seventh Circuit precedent at the time the case was tried. In fact, under the instructions as

---

[1] At the time Defendant was indicted and tried, the view of the Seventh Circuit Court of Appeals was that in order for a defendant to receive the enhanced penalty for offenses involving "cocaine base" under 21 U.S. C. § 841, the Government must prove that the substance involved was "crack" cocaine. In other words, it read "cocaine base" as used in 21 U.S.C. § 841(b)(1)(A)(iii) as a synonym for crack cocaine. *See United States v. Edwards*, 397 F.3d 570, 575 (7th Cir. 2005). Hence, in the instant case, the Government charged Defendant with offenses involving "cocaine base commonly known as" crack or crack cocaine, and the Court instructed the jury that it must determine whether the substance involved was crack or some other form of cocaine base. However, shortly after Defendant's trial, the Supreme Court ruled that "cocaine base" as used in § 841 applies to all forms of cocaine base, not merely to crack cocaine. *DePierre v. United States*, 131 S.Ct. 2225, 2237 (2011). While *DePierre* makes it clear that the Government could have charged and proved only that some form of cocaine base was involved in Counts 1 and 11 in order for enhanced penalties to apply, it has no other bearing on the instant case.

3

given, the Government had to prove more than a Supreme Court decision issued after the trial was completed would have required. The Court therefore does not understand how the instructions confused the jury or jeopardized Defendant's rights. Accordingly, the Court finds no reason to grant a new trial on this issue.

**(2)** *Use of Defendant's Statements*

Task Force Agent Robert Aponte participated in the execution of a search warrant at 3920 Hemlock Street, East Chicago, Indiana, on November 11, 2009. Agent Aponte testified at Defendant's trial that Defendant was present at the residence when the task force arrived to execute the warrant. Before the search of the residence began, Agent Aponte asked Defendant if he lived at the residence. Defendant answered yes, and motioned with his shoulders that he stayed in a particular bedroom. Agent Aponte also asked Defendant whether there was a dog in the residence, because a dog could be heard barking and needed to be secured before the search could proceed. Defendant responded that there was a dog in the basement. When asked how to get to the basement, he replied that there was a door in his room. He was handcuffed and had not been given *Miranda* warnings at the time Agent Aponte asked these questions. Drugs, a firearm, and other incriminating evidence were later found in the room Defendant indicated was his. Agent Aponte bagged the evidence and labeled it indicating that it was found in Defendant's bedroom. The evidence so labeled was admitted at trial.

At trial Defendant objected to the admission of Defendant's statements that he lived in the house at 3920 Hemlock Street and what bedroom was his. The Court determined that Defendant's answers were admissible, both because Defendant had failed to file a pretrial motion

4

to suppress the statements under Federal Rule of Criminal Procedure 12(b)(3)(C) and had not shown good cause for such failure under Rule 12(e), and because the questions did not constitute the type of interrogation that would implicate *Miranda*.

The Court stands by its rulings. It is undisputed that Defendant first moved to exclude the statements at issue in the midst of the trial, which began on May 16, 2011. Moreover, no reason for the failure to file a motion to exclude the evidence before the April 25, 2011, deadline for pretrial motions[2] was presented to the Court. The Court of Appeals for the Seventh Circuit has affirmed that denial of a motion to suppress evidence in these circumstances is appropriate. *See United States v. Acox*, 595 F.3d 729, 732–733 (7th Cir. 2010).

The Court also reaffirms its conclusion that the pre-*Miranda* questions Agent Aponte posed to Defendant would not be perceived as interrogation by a reasonable person in the same circumstances. *See United States v. Westbrook*, 125 F.3d 996, 1003 (7th Cir. 1997). He asked if Defendant resided at the house where the search warrant was being executed because that is his practice in executing a search warrant. A *Miranda* violation does not occur when officers question a defendant only for data required as part of the processing normally attendant to arrest and custody. *United States v. Kane*, 726 F.2d 344, 349 (7th Cir. 1984).

Agent Aponte asked how to get to the basement in order to figure out how to secure the barking dog. Defendant volunteered the information that access to the basement could be gained through his room. It was appropriate for Agent Aponte to determine the whereabouts of the dog to protect the searchers. The conversation falls within the public safety exception to *Miranda*. *See United States v. Edwards*, 885 F.2d 377, 384 (7th Cir. 1989) (holding that pre-*Miranda*

---

[2]*See* Docket Entry 77, requiring that all "pre-trial filings" be submitted on or before the date of the final pre-trial conference, which was held on April 25, 2011 (DE 81).

questioning of Edwards as to whether he had a gun falls within this exception).

**D.     Conclusion**

Because the Court finds no trial errors or omissions that have jeopardized Defendant's substantial rights, it **DENIES** the motion for a new trial (DE 204).

SO ORDERED on April 16, 2012.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge